# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00651-CR

**Tony Howard Burgess, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 67850, HONORABLE JOE CARROLL, JUDGE PRESIDING

**&**

## NO. 03-11-00652-CR

**Tony Howard Burgess, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 68294, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Under different cause numbers, Tony Burgess was indicted for two counts of burglary

of a building.  During a pre-trial hearing, the district court informed Burgess of the charges against

him, and Burgess pleaded guilty to both counts. His pleas were not part of a plea bargain. After accepting his pleas, the district court reset the case so that a pre-sentence investigation report could be prepared. Subsequent to that hearing, Burgess filed a motion to withdraw his guilty pleas, and the district court held another hearing. In the hearing, Burgess argued that his pleas were not voluntarily made, and the State opposed the motion. After hearing arguments from both sides, the district court denied the motion. In the punishment hearing, the district court read the pre-sentence investigation report and imposed a sentence of imprisonment for nine years for each charge. Shortly after the district court imposed its sentence, Burgess filed a notice of appeal, and the district court certified that he had the right to appeal. We will affirm the judgments of the district court.

**DISCUSSION**

In his sole issue on appeal, Burgess contends that the district court abused its discretion by refusing to allow him to withdraw his guilty pleas.

Generally speaking, "a defendant may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement." *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). However, if the defendant "decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court." *Id.* Under an abuse-of-discretion standard of review, the trial court's decision will be upheld if it is "within the zone of reasonable disagreement," *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000), and "if it is reasonably supported by the record and is correct under any theory of law applicable to the case," *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App.

2

2005). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Ramirez v. State*, 973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet). If a court elects to ask that a pre-sentence investigation report be prepared after it has "admonished the defendant, received the guilty plea and received the evidence," then the trial court has taken the case under advisement. *Harling v. State*, 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd).[1]

As support for his assertion that the district court abused its discretion, Burgess points to statements that he made prior to pleading guilty in which he expressed confusion regarding the nature of the proceeding that he was attending. In particular, Burgess points to the following exchange that occurred at the beginning of the hearing:

BURGESS: Is this a trial, Your Honor?

COURT: No. This is a-- Looks like it's a plea.

BURGESS: Your Honor, does this have anything to do with the bond reduction?

. . .

BURGESS: Mr. Harris had me sign some papers and had me thinking that I'm signing for a bond reduction. So if I'm not doing a bond reduction--

STATE: Judge, my understanding was the defendant was going to enter a plea in both cases and then we would agree to a bond reduction after the plea.

BURGESS: Oh, will I be sentenced today?

STATE: No. We would set the sentence off.

---

[1] In his brief, Burgess acknowledges that the district court had taken the case under advisement when he asked to withdraw his pleas.

COURT: No, sir. We will have a presentence investigation.

BURGESS: Okay.

BURGESS'S ATTORNEY: Did I not tell you that?

BURGESS: No, sir. I didn't understand that, sir. I'm sorry. I apologize.

In light of this exchange, Burgess contends that it is clear that he "was confused about the nature of the proceedings and the court should have allowed him the opportunity to withdraw his pleas of guilty." Moreover, Burgess points out that after entering his pleas, he hired a new attorney and quickly filed a motion seeking to withdraw his pleas.

Although Burgess initially expressed confusion about the purpose of the hearing, the district court subsequently explained why the hearing was called and the significance of the hearing. First, the district court explained the two charges against him and informed him of the possible punishment ranges. After listening to the explanations, Burgess responded, "Yes, sir." The district court then stated that the charges were being enhanced due to his prior convictions and related that the enhancements made the charges third-degree felonies with possible punishments ranging from two to ten years. After giving this explanation, the district court asked, "Do you understand what the punishment range is and what the charges are against you," and Burgess answered, "Yes, sir." Next, the district court reminded Burgess that he had filed documents expressing his desire to waive his right to trial and to plead guilty to the charges against him. When asked if those assertions were correct, Burgess responded, "Yes, sir. Yes, sir." The district court then asked about Burgess's educational level, and Burgess answered that he graduated from high school and elaborated that in the past, he had opened his own business. After Burgess explained that he did not have any mental

4

illness, the district court then stated that it was accepting Burgess's "waiver of [his] rights." Furthermore, the district court inquired whether Burgess understood that because there was no plea bargain, he was eligible for the full range of punishment, and Burgess responded, "Yes, Your Honor." Burgess then separately entered a plea of guilty for each offense. After Burgess entered his pleas, the district court asked Burgess if he was pleading guilty "on everything" and whether his pleas were being made "freely and voluntarily," and Burgess answered, "Yes, sir," to both questions. The district court then clarified by asking if Burgess entered the pleas because of fear, threats, or force, and Burgess answered, "No, sir," to those questions. Then, the district court inquired whether Burgess knew that he would be sentenced based on his pleas, and Burgess answered, "Yes, sir." Quickly thereafter, the district court accepted Burgess's pleas of guilty, and the signed confessions that Burgess previously made were admitted into evidence without any objection by Burgess. Finally, the district court explained that Burgess's punishment would not be decided until after a pre-sentence investigation report was prepared.

In his motion to vacate his guilty pleas, Burgess argued that "he did not make an intelligent and knowing waiver" of his rights and that he believed that the purpose of the hearing was "to have a bond reduction considered, and not for the entry of a plea of guilty." In the hearing regarding Burgess's motion, Burgess asserted that when he entered the pleas, "he was merely affirming or going along with what his attorney . . . at the time was saying . . . as opposed to entering voluntarily a plea." Burgess did not call any witnesses or offer any evidence. After hearing the State's response that Burgess was properly admonished during the hearing, the district court denied Burgess's motion. Specifically, the district court explained that it felt that his "plea was free and

5

voluntary and that [he was] properly admonished and that [he] persisted in it and that [he] understood." Further, the district court explained that Burgess was "an intelligent man" who ran his "own business" and graduated from high school. For these reasons, the district court concluded that Burgess knew what he was doing when he entered his guilty pleas.

In light of the fact that the district court took the case under advisement after Burgess pleaded guilty, in light of the district court's efforts to explain the nature of the crimes that he was charged with and potential punishments, and in light of the district court's repeated efforts to ascertain whether he understood the consequences of his pleas and whether he was entering the pleas voluntarily, we cannot conclude that the district court abused its discretion by not allowing him to withdraw his guilty pleas. *See Jagaroo v. State*, 180 S.W.3d 793, 803 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Accordingly, we overrule Burgess's sole issue on appeal.

**CONCLUSION**

Having overruled Burgess's sole issue on appeal, we affirm the judgments of the district court.

_____

David Puryear, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed: August 8, 2012

Do Not Publish